Wardens, Vice President Baxter, Sr. Good morning, Your Honor, may it please the Court, I'm Melissa Salinas, and I'm Counsel of Record for Mr. Thorn, and I have the honor of introducing law student John Lynn, who is a third-year law student at the University of Michigan Law School. Thank you. Thank you. You may proceed, Mr. Lynn. Good morning, Your Honors, and may it please the Court, my name is John Lynn, and I'm here on behalf of petitioner-appellant Glenard Thorn. Before I begin, I'd like to reserve three minutes for rebuttal. Thank you. Forty-two of the fifty-two years on Glenard Thorn's sentence come as the result of convictions that violated his constitutional rights. I'd like to spend the majority of my time today discussing the ineffective assistance of counsel that he received at both his trial and his post-conviction proceedings, and then this is because the jury was not properly instructed and the post-conviction counsel did not raise that issue during the post-conviction proceedings. And then with whatever time remains, I will discuss the insufficient evidence to support these convictions. First, Mr. Thorn did not have effective assistance of counsel at either his trial— Let me, and I'm sorry, I apologize not to give you the opportunity to proceed as you would like, but it seems to me that the Anthony case, which is what we're talking about, in which Judge Daughtry was the author, if I understand correctly, gave a benefit to people in the petitioner's situation. Again, if I understand the operation of Tennessee law at the time of the trial, in light of Anthony, the jury finds that the elements of exceptionally aggravated kidnapping are said not quite so fast. The judge has the constitutional obligation under Tennessee law, independently, to determine whether conviction, even though the elements have been satisfied, meets due process standards. Is that the correct understanding of Anthony's structure? So yes, Anthony does make it a question of law with regards to whether— It's a due process review by the judge. The judge says, okay, the judge has to take the jury's findings that the elements of excessively aggravated kidnapping were met, and that's not a question, here or ever, in situations like this. But then the Tennessee Supreme Court held, not quite so fast, the trial judge who sat there, heard all the evidence, must independently review the acceptability of this conviction under due process principles, fundamental fairness principles. That's my predicate question. I mean, is that a fair or fairly accurate reading of the Anthony mechanism? So Anthony does make it a due process issue, Your Honor, but that does not mean that it's purely a question just for the judge. What trial counsel should have done and was required to do was— You've answered the question. Thank you. Okay. You're anticipating my next question. My next question is, isn't this like the situation in a capital case where the law requires, after a capital verdict has been returned, the jury has found no—all 12 jurors have voted for death. I understand the law, and again, I may not be correct, but it's my understanding of the Before the capital sentence can be pronounced, and thus ultimately perhaps implemented, the judge independently has to affirm the verdict. There's an independent judicial review by the trial judge to determine whether or not in that case, the case that he or she has just presided over, that verdict by the jury is the appropriate verdict under all the circumstances. Your Honor, with regards to finding all the elements of the crime that must be—for the conviction to satisfy due process, all those questions must be submitted to the jury and found beyond a reasonable doubt, and that's what Apprendi says. Isn't the capital case, and I believe—and it seems to me in Anthony, it's how I interpret this whole—what's going on here. This is not a capital case, no, Your Honor. I understand, but my point is trying to analogize to the capital case where there's—as a matter potentially of mercy, of avoiding the more harsh outcome, that the jury verdict would mandate. The law says the jury verdict, the verdict in terms of the sanction, the consequence, cannot be implemented unless it is endorsed, it's subscribed to, it's confirmed by the trial judge. No, Your Honor, because again, this is—the state of Tennessee law at the time, even if you look back to what the 2012—yes, this is after this trial, but the court, Tennessee Supreme Court in white made very clear that it was just restating what Tennessee law at the time says, that juries had to be instructed, and it was restating essentially what was common practice amongst Tennessee— It seems to me—again, I'm trying to get at what, during the period that Anthony was enforced, to speak most plainly, that that was—the independent judicial review on due process grounds favored the defendant, did not disfavor him, but as a practical matter, it gave him and his lawyer a second bite at the apple that the subsequent decision took away, and it seems to me as a defense attorney, I want that second bite, I want to avoid that 42 extra years or whatever, and Judge Daughtry and the Tennessee Supreme Court at the time said, you get that second bite as a matter of fundamental fairness, and I know you're not—hadn't thought about this, and you're not really prepared, but it is for me the core of the case, because it seems to me, if my assessment is correct, then the prejudice issue and ineffective assistance of counsel goes out the window, it's no harm, no foul. He had a—he was better off under Anthony than he would have been if the lawyer had done the job you contend should have been done three years in advance of the reversal of Anthony. Do you understand my question? Yeah, yes, Your Honor, and I think that there is benefit to the post-sentence review by the judge, but it still doesn't mean that trial counsel wasn't required to, in pursuit of her duty to adequately represent her client, to still ask for the instruction to be given to the jury, because here you have a fact that's essential to the aggravated kidnapping conviction that— I would agree with you if somehow Anthony had been interpreted to require that kind of confirmation by the jury, plus judicial further confirmation, as it were. Well, I think it does, actually, Your Honor, and it's not just Anthony, but it's also Apprendi, the Supreme Court decision that says that any fact that increases the sentence beyond the statutory maximum here, this would have increased the aggravated kidnapping convictions on both kidnappings, increased Mr. Thorne's sentence by 42 years. That fact was not submitted to the jury and not found beyond a reasonable doubt. So here you do have a sentence that violates not just Anthony, as you suggest, but also Supreme Court law in Apprendi. And that failure is exact—the failure to instruct the jury that way is the exact ineffective assistance of counsel that trial counsel provided there during the trial stage. Now, had the jury been properly instructed on this issue, there is a reasonable probability that they would have found differently, given how close—given where the evidence stood with regards to both convictions. Now, the standard of review that we should use here is de novo because this issue was not raised during the post-conviction state proceedings because of ineffective assistance of the post-conviction counsel. Under Martinez, the recent Supreme Court case, that provides cause to excuse the procedural default. Because this issue was not raised, the trial court—I mean, excuse me, the post-conviction court never actually addressed the issue on the merits, so this doesn't become an issue of ineffective assistance of post-conviction appellate counsel, as the warden alleges, but purely an issue of post-conviction trial counsel's ineffectiveness for failing to raise the substantive IAC claim from the trial that we have here. So therefore, Atkins doesn't apply here, as the warden would like, and this court can thus review this IAC claim de novo—on a de novo basis, and we clearly show that there's a substantive claim here with regards to ineffective assistance of counsel that prejudiced Mr. Thorne by adding 42 extra years onto a sentence in a way that was not found by the jury. Moving quickly to our second point about the lack of sufficient evidence to support these convictions, first, this claim also is reviewed under a de novo standard because this issue was also not determined on the merits by the lower court because it was—they allege that this Tennessee Court of Appeals applied a procedural rule to say that the claim was defaulted. However, Rule 27 and Rule 10 were adequately followed by Mr. Thorne's original appellate counsel, and the Tennessee courts misapplied that rule. Under Lee, the Supreme Court's misapplication of a generally sound rule can provide an excuse to—excuse me, provides cause to excuse a procedural default. Therefore, because Rule 27 was adequately followed by Mr. Thorne, he cited three cases beyond the standard of review but also made relevant citations to case law, to statutes, and to the record as required by Rule 27. The Tennessee Criminal Court of Appeals applied that rule incorrectly, and therefore, this court can have a chance to review that claim. Let me clarify one. Just remind me of the time sequence. How far before the reversal of Anthony, the overruling of Anthony, was the trial and the post-conviction petition? So the trial occurred in 2008. The post-conviction—the original post-conviction petition was submitted in 2012, and then the one month afterwards is when White came down and overturned Anthony. So actually, to jump back to the ineffective assistance of post-conviction counsel claim, counsels—that post-conviction counsel also noticed that she could have raised the— Well, it seemed to me that one month, I gathered there was no effort on the part of post-conviction counsel, down comes White, oops, time out, leave to amend my post-conviction petition. Exactly, Your Honor. That's exactly what post-conviction counsel— That seems to me to be a much stronger argument for the ineffectiveness of counsel than, sorry, trial counsel failing to see that far into the future when you've got a clearly controlling Tennessee state court opinion. But if you're only one month into the post-conviction process, I think any competent lawyer ought to say, time out, let me get this new case, Your Honor, think about this. Okay, thank you. Exactly, that's exactly our claim, Your Honor, that post-conviction counsel was unnoticed to make this claim, and obviously in order to get to this—in order for this court to review the IAC claim, we have to get through that procedural hurdle, and that's what—and so this provides the excuse under Martinez. I would say quite Anthony, had the argument been made, it might potentially have been detrimental to your client, whether in the trial court or otherwise, but that's—I'm sure we'll talk about that. I'm sure we'll hear from the warden about that. Thank you. Thank you. Good morning. Good morning. May it please the court, Nick Spangler on behalf of the State of Tennessee and Respondent Warden. If there's a theme to this case, it's that there has to be limits on the liberal construction of a habeas petitioner's presentation of a federal constitutional claim, whether considering presentation of that federal constitutional claim for exhaustion purposes in state court, or whether that presentation of the federal constitutional claim is in the operative habeas pleading before the district court. The two issues before this court are the due process questions related to the sufficiency of the evidence and a related ineffective assistance claim related to counsel's failure to request an instruction on this Anthony slash White due process issue about whether or not the kidnapping was—the confinement for the kidnapping was sufficient beyond that for the attendant felonies of rape and the robbery. I'd like to start actually with the ineffective assistance claim because there are a couple points I'd like to make. First, is under Rule 2, under habeas Rule 2, the pleading requirements are more than notice. It requires more than notice pleading. In this case, the petitioner simply did not plead an ineffective assistance claim. The trial counsel failed to request a jury instruction requiring the jury to make a determination that the confinement was beyond that necessary for the underlying kidnapping. I mean, for the underlying attendant felonies of rape and robbery. He pled ineffective assistance. He pled ineffective assistance for jury instructions, but he did not marry that legal theory with the specific factual basis of that jury's finding additional confinement. It's simply not in the petition. And we'll rely on our brief for the citations for that proposition. But in sum, the district court simply construed that claim by marrying broad legal principles asserted in one part of the petition to factual basis asserted in another portion of the petition. We contend that it's appropriate for the court to respond to the state's pleading defense. It's a de novo review question, and that would be appropriate. But in any event, if the court declines to go that route, we confidently defend the district court's determination that the claim is procedurally defaulted and that it's an insubstantial claim. Under the Martinez rubric, the default of this claim is inexcusable for two reasons. If you follow the Martinez rubric, you have to ask whether the default was the product of initial collateral review counsel's failure to raise the claim. In this case, post-conviction counsel during the post-conviction hearing, it's acknowledged by the state that he did not raise this in the operative post-conviction pleadings. That's conceded by the state. What counsel did do is when he had petitioner up on the stand, he elicited testimony from the petitioner that petitioner said he wanted counsel to argue the jury instruction to the kidnap. What about the question I raised at the end of the petitioner's argument? Is he correct first? Because I, again, I forget. I'm sorry. I apologize. On the timing sequence, that White came out about a month into the post-conviction process? I think that's correct, Your Honor. I mean, seriously, any attentive lawyer working in the field, I mean, very honestly, it seems to me, oh, wow. Well, and it really doesn't matter. I mean, Tennessee's gone on to determine after White definitively that not only the underlying due process question about the giving of the jury instruction, that that's not a cognizable basis for post-conviction relief. In other words, it's not going to be given retroactive effect, that underlying due process question, but also the sort of derivative ineffective assistance counsel claim is not going to be, I won't say it's not cognizable, that you can always raise ineffective assistance, but counsel's not going to be held deficient for failing to request a jury instruction that was not required under the Tennessee law at the time. At the time of trial. At the time of trial. That's correct, Your Honor. I mean, I sort of gave you this argument about Anthony being the no harm, no foul. I mean, and I'm trusting your candor as an officer of the court to tell me if I'm off base on my interpretation that Anthony gave a benefit to defendants as to whom the elements had been found by the jury. And that this independent judicial review on due process equals fundamental fairness by the trial judge, as it seems to me to be analogous to the independent review given to a capital verdict by a trial judge as a matter of potential grace or mercy before sentencing. Yeah, I'm not sure whether it gave defendants a benefit or not. I mean, my understanding of sort of the transfer between Anthony to then White is it really was a flip between whether or not it was a judicial question, which it had been at the time, sort of related to a sufficiency of the evidence question. I'm saying it's a practical matter. I mean, and we'll never know. I mean, obviously, Judge Daughtry can't come up and testify, but we'll never know. But it just seems to me, as I try to understand this, that the Tennessee Supreme Court, and she at the time, were trying to create a safety valve situation, a second bite at the apple. And that it's not so much whether it's a judicial, it was a judicially created process that required something more than simply satisfaction of the elements. And I just, to me, that's plain. That's something, wow, that's terrific. I'm a defense lawyer. The jury and the evidence is there. And I think we have to assume for this conversation, it is. But, and if I'm correct, and I'm asking you, is there something that, because of my ignorance of Tennessee law, that says, that has nothing to do with this case? I guess it made it a safety valve insofar as it required the judiciary, whether it be the trial court or the appellate courts, to make that additional due process inquiry under the Anthony factors. And after White, it sort of relegated that to be a question exclusively in the province of the jury. So I'm not sure whether I exactly agree that it created a safety valve. The Supreme Court hasn't said, no, no, we didn't mean the imposed. I mean, just, I'm sorry, I'll get off of this in a minute, but it just seems to me, to say to the jury that just found the elements, now you have to come back, I have to charge you, in essence, did you really mean it? No, and that's where I should be clear. I think maybe the misunderstanding is, and we've had a discussion about this recently in the office, it's not a bifurcated proceeding. It's not a situation where you have the trial, there's a determination as to the elements of kidnapping being met, and then they're given supplemental instruction in a bifurcated proceeding to make that additional determination about whether or not... How does it work under White? It works under, you basically just give the instruction with the primary instructions before it goes to the jury, and in considering all the offenses that were charged and the proof submitted by the state, they consider that question just from the get-go. They don't make an initial determination as to kidnapping and then come back and make a separate determination about... Yeah, but are they charged on the Ladies and gentlemen, after you've found the two elements or whatever, I also charge you that before you may return the excessive aggravated kidnapping, you must also find that, under the facts of this case, it's fundamentally fair to impose that. I don't think it's... It's not a special interrogatory. I think it's just simply listed almost as an additional element under the kidnapping offense, that because the defendant's also been charged with these attendant felonies, it also involves some degree of confinement. You must also find that that confinement, in terms of substantial interference with liberty, means that it was confinement beyond that necessary to commit those attendant felonies. I think it's just listed along with the elements of kidnapping. I do want to touch on this point on Martinez, because I think it's important in relating it to the Atkins case. So not only did post-conviction counsel elicit this testimony from the petitioner during the post-conviction hearing about this failure to raise a jury instruction about this additional confinement beyond that to complete the felonies, but in the post-conviction denial order, and this is where we say this case is on all four legs with Atkins. In the PC denial order, the post-conviction court said... It referenced the petitioner's testimony where he stated, quote, there were jury instructions that counsel did not request. And I want to give you the citation for that. It's record 16-28, page ID 2741. And we say that this is on all fours with Atkins because in that case it was the exact same scenario. You did not have the claim in the operative post-conviction pleading. You had the claim raised during the post-conviction hearing on the matter, and then you had the post-conviction denial order referencing that claim that was raised during the testimony. And that's what we have here. So post-conviction counsel wasn't ineffective because even though he didn't raise it in the pleading, he offered proof... So once again, it's no harm, no foul. Exactly. And beyond that, the second reason that the default is unexcusable in this case is because as the district court correctly found, this claim is insubstantial. Under the Martinez rubric, it asks essentially a merits-based question under a lower threshold, the same threshold that's associated with this court's... DOA acceptance or denial issue about whether the claim is substantial. And the reason this claim is insubstantial, again, is because Tennessee law is well established that counsel is not ineffective for failing to request a jury instruction that Tennessee law at the time did not require. The white instruction, again, did not come out until post-conviction proceedings. Even if counsel had amended those pleadings... I mean, post-conviction counsel had amended pleadings, said trial counsel was ineffective for failing to request this instruction, certainly the white opinion would not have been given retroactive effect either as to the underlying due process inquiry or the derivative ineffective assistance claim. So our position is that the district court correctly resolved the ineffective assistance claim on the matter of its substantiality. For that reason, it falls outside of the Martinez rubric. There's no cause to excuse the default flowing from the ineffective assistance of post-conviction counsel. And so that claim was correctly decided on the basis of default. But again, we just reiterate, as a matter of notice to the state, we took a little bit of scolding from the district court in terms of our addressing certain claims in the petition, but we just assert that that claim was not in the petition at all and that affirming on the basis of Rule 2 would be appropriate. I'll briefly address the secondary issue, the sufficiency of the evidence claim slash due process issue related to the Anthony slash white issue. In this case, again, it's a fair presentation issue. And in this case, the petitioner, in offering a sufficiency of the evidence claim in his direct appeal brief, generically stated that evidence is not sufficient to support my kidnapping conviction. The court of criminal appeals, the Tennessee Court of Criminal Appeals, clearly applied regularly enforced procedural bars under Rule 10 and Rule 27 to deem that claim waived. And the state defends that determination and defends the district court's judgment on the alternative basis of default. We asserted that this claim was defaulted in the district court. The district court disagreed and essentially said that the due process inquiry related to Anthony was essentially the same as the sufficiency of the evidence claim. And the reason that we assert that that's a different claim is when considering exhaustion, this court, again, it's a question about marrying a legal theory with a specific factual basis. And even though the two claims share the commonality of a due process inquiry, a sort of Jackson v. Virginia sufficiency of the evidence claim asks only what are the state law elements and does the proof match those elements? The due process question that the petitioner briefed was what are the elements of the offense, do those elements match, and the additional fact of I have these attendant felonies that were charged and attempted to be proved by the state. That's an additional fact that needs to be answered to answer the question that the petitioner briefed. And it's a separate question. It's related because it relates to the elements of the offense, but it essentially creates an additional factual element of I have these additional felonies that were charged. Were those also proven and was the kidnapping, the confinement for the kidnapping beyond that necessary to accomplish those attendant felonies? And that's a separate factual inquiry that distinguishes a sort of typical Jackson v. Virginia sufficiency question from the question that the petitioner actually briefed. But in any event, the district court determined that essentially those were the same two claims. And it may be neither here nor there because either under de novo review or a deference review, the evidence is clearly sufficient to establish that element of substantial interference with liberty. There are two victims in this case, R.N. and A.B. And R.N. testified that this is a home invasion led by the petitioner. They go in the home. They start taking property out. And the victim, R.N., testified that after they were finished taking practically all the property from the home, he was tied to a chair and they were beating him. That was additional confinement beyond that necessary to accomplish a robbery. They had already taken property from the home. At that point, they required the second victim, A.B., to come in and assist with the beating of the victim. Again, that confinement of that victim was beyond that necessary to accomplish the robbery. So either under a depa review or de novo review, the district court and the state court correctly denied the due process claim related to the Anthony and White inquiry. Unless there are any further questions from the court, we respectfully ask that you affirm the judgment of the district court. I have none. Any further questions? No. Thank you. All right. Mr. Lin, you have three minutes to rebuttal. I want to start by getting to Judge Carr's question about Anthony. I want to say that trial counsel and the jury are both bound, not just by Anthony in 2000 and before this trial, makes very clear that any element that increases a sentence beyond the statutory maximum must be submitted to a jury and found beyond a reasonable doubt. So even if we have the Anthony trial court post-conviction review, the trial counsel still has to make the request that this element of beyond necessary... I understood the question. I don't know. Does the judge still make an independent due process determination under White? Sir, do you know? I believe post-White it's exclusively the jury. And we can find out by further research, I'm sure. But again, it seems to me if that's the case, the defendant's worse off. Then before White. But address the issue that he did, if you could. You're right. I think that if it were dual, the jury had to take that step and then the judge independently had to do likewise and was not bound by the jury's determination. Terrific. Because it wouldn't be three bites at the apple in effect. But I'm being very candid with you. That's what struck me about this whole construct and I'll just have to deal with it in discussion with the other judges. I have no idea whether they think there's any merit to it or not. And if not, that's fine. But what about the argument right at the end where he said, look, even if I'm correct and you're correct that the petition should have been amended, any council meeting constitutionally minimal standards of effective representation would have immediately sought to amend the petition. Nonetheless, the issue did come up in the hearing and the court dealt with it. So where's the harm from the foul of not having amended the petition? I see my time is quickly running out. Can I have a little bit extra to answer your question, Your Honor? Judge Griffin's present. Go ahead. Thank you. So that gets to the Atkins issue that we briefly mentioned in our case in chief. So this claim was not actually raised at the lower level. It was not raised in the petition that Mr. Thorne submitted. It didn't pop up in the hearing and didn't the judge deal with it? In a laundry list of issues when Mr. Thorne was asked what problems he had with his counsel, he mentioned almost everything he had. But the issues that he actually raised in the petition and that the state post-conviction trial court made clear that it was only addressing were the issues of failure to consult with the client and investigate before the trial and then failure to investigate the and that the post-conviction state trial court actually addressed and made clear that it was addressing not any of these other issues that were raised. In other words, what you're saying is Judge, let's be practical, the judge's dustbin approach to sweep it all in doesn't really bear the weight that the warden wants it to. Yes, Your Honor. Being kind of a conclusive, thought out adjudication of the issue. Yes, Your Honor. If these claims are interchangeable, like it was a matter of if he raised an issue of state law and federal law that are essentially the same, then there would be merit to the argument. But these are completely different issues that were discussed here with regards to the failure to investigate and the failure to request proper jury instructions. With regards to these two convictions, these two convictions have added 42 years on to Mr. Thorne's sentence and they don't have any constitutional basis. So we ask that you reverse the district court's denial of Mr. Thorne's habeas petition or in the alternative, remand this for an evidentiary hearing. Thank you. Case will be submitted.